**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND, GREENBELT DIVISION**

| | |
|---|---|
| **MAURICE HICKMAN**<br>6328 Southern Ave.<br>Washington, DC 20019<br><br>          Plaintiff,<br>     v.<br><br>**G.C. of Capital Centre, L.L.C.**<br>1453 Kempsville Rd., Ste 107<br>Virginia Beach, VA 23462,<br><br>**Both, Inc.**<br>1453 Kempsville Rd., Ste 107<br>Virginia Beach, VA 23462,<br><br> and DOES 1-25,<br><br>          **Defendants.** | Civil Action No.:_____<br><br>**COMPLAINT**<br>**AND DEMAND FOR JURY TRIAL** |

## COMPLAINT – COLLECTIVE AND CLASS ACTION

Maurice Hickman  ("Plaintiff"), on behalf of himself and those similarly situated, brings this collective and class action lawsuit against Defendants G.C. of Capital Centre, L.L.C., Both, Inc.,  and DOES 1-25  ("Defendants"), seeking all available relief under the Fair Labor Standards Act of 1938  ("FLSA"), 29 U.S.C. 201, *et seq.*, the Maryland Wage and Hour Law ("MWHL"), Md. Code. Ann., § 3-401 *et seq.,* Prince George's County Minimum Wage Law ("PGCMWL"), § 13A-117 *et seq.,* and the Maryland Wage Payment and Collection Law  ("MWPCL"), Md. Code Ann., Wage Payment and Collection, § 3-501 *et seq.* Plaintiff brings this action both as a collective action under the FLSA, 29 U.S.C. § 216(b) and a class action under Federal Rule of Civil Procedure 23.

## JURISDICTION AND VENUE

1. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 29 U.S.C. §216(b) and 28 U.S.C. § 1331.

2. This Court has supplemental jurisdiction over Plaintiff's MWHL, PGCMWL, and MWPCL claims under 28 U.S.C. § 1367.

3. Venue in this Court is proper pursuant to 28 U.S.C. § 1391(b) as a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this judicial district.

## PARTIES

4. Plaintiff Maurice Hickman is an adult individual residing at 6328 Southern Avenue, Washington, D.C. 20019, who was employed at Defendants' Golden Corral restaurant in Largo, Maryland as a "Server" from approximately June 2013 to December 2015 and May 2016 through October 2017.

5. Plaintiff has consented to join this lawsuit as a party Plaintiff. His signed consent form is attached hereto as Exhibit A.

6. Defendant G.C. of Capital Centre, L.L.C. has its principal place of business at 1453 Kempsville Rd., Ste. 107, Virginia Beach, Virginia 23462.

7. Defendant Both, Inc. has its principal place of business at 1453 Kempsville Rd., Ste. 107, Virginia Beach, Virginia 23462.

8. Defendant DOES 1-25 are presently unknown persons and/or entities who had control over the wages, hours, and payroll of Plaintiff and similarly situated individuals.

9. Defendants employ individuals, including Plaintiff, engaged in commerce or in the production of goods for commerce and/or handling, selling, or otherwise working on goods or materials that have been moved in or produced in commerce by any person.

10. Defendants are employers covered by the record-keeping, minimum wage, and overtime pay mandates of the FLSA.

## FACTUAL ALLEGATIONS

11. Each of the preceding paragraphs is incorporated by reference as though fully set forth herein.

12. Defendants employ "Servers," including Plaintiff, at its Golden Corral restaurants.

13. Golden Corral restaurants are buffet-style restaurants, where patrons do not order food, but rather serve themselves from the buffet line.

14. Servers at Golden Corral restaurants do not take food orders from patrons. Servers at Golden Corral restaurants are only responsible for taking drink orders.

15. Defendants employed Plaintiff at its Golden Corral restaurant in Largo, Maryland as a "Server" from approximately June 2013 to December 2015 and May 2016 through October 2017.

16. Defendants have paid Plaintiff and other Servers a sub-minimum hourly wage of approximately $3.63 to $4.00, plus any tips earned and paid for by restaurant patrons.

17. Defendants utilize a "tip credit" in varying amounts for each hour worked by Plaintiff and collective members in an effort to satisfy FLSA's mandate that employees receive/received a minimum wage of at least $7.25/hour.

18. Defendants utilize a "tip credit" in varying amounts for each hour worked by Plaintiff and collective members in an effort to satisfy Maryland's mandate that employees receive/received the applicable minimum wage. Under the MWHL the required minimum wage is as follows:

(a) $8.00 per hour for the six-month period beginning from January 1, 2015;

    (b) $8.25 per hour for the one-year period beginning July 1, 2015;

    (c) $8.75 per hour for the one-year period beginning July 1, 2016; and

    (d) $9.25 per hour for the one-year period beginning July 1, 2017.

19.    Defendants utilize a "tip credit" in varying amounts for each hour worked by Plaintiff and collective members in an effort to satisfy Prince Georges County's mandate that employees receive/received the applicable minimum wage. Under Prince George's County Code Section 13A-117 the required minimum wage is as follows:

    (a) $8.40 per hour as of October 1, 2014;

    (b) $9.55 per hour as of October 1, 2015;

    (c) $10.75 per hour as of October 1, 2016; and

    (d) $11.50 per hour as of October 1, 2017.

20.    Even with the tip credit applied, Defendants failed to compensate Plaintiff and other Servers at least the minimum wage for all hours worked per workweek.

21.    Moreover, Defendants maintain a company-wide policy and practice of requiring Plaintiff and the other Servers to spend more than 20% of their time performing non-tip producing work which includes, but is not limited to: restocking ice, wiping down tables and chairs, stocking condiments, sanitizing walls, and performing detailed cleaning of the restaurant.

22.    The non-tip producing work does not help Plaintiff or other Servers earn tips from restaurant patrons.

23.    Defendants maintain a company-wide policy and practice of requiring Plaintiff and the other Servers to perform non-tip producing job throughout their shifts..

24.    Plaintiff estimates that he and other Servers spend approximately 40% to 50% of each shift performing non-tip producing job duties.

25. Defendants also maintain a policy and practice of requiring Plaintiff and the other Servers to perform non-tip producing job duties both before being seated with their first table and after they have been cut from the floor and completed all serving duties.

26. Plaintiff estimates that he and other Servers spend approximately one hour prior to starting to serve tables performing non-tip producing job duties each shift, and approximately 30 minutes after finishing serving tables performing non-tip producing job duties each shift.

27. Plaintiff and other Servers routinely spend more than 20% of their work time performing non-tip producing job duties each shift.

28. Defendants routinely pay a sub-minimum hourly wage of approximately $3.63 to $4.00 during the hours Plaintiff and the other Servers perform non-tip producing job duties.

29. Upon information and belief, Defendant requires Servers at all of its Golden Corral restaurant locations to spend more than 20% of their time performing non-tip producing work while earning a sub-minimum wage.

30. Upon information and belief, Defendant requires Servers at all of its Golden Corral restaurant locations to spend more than *de minimus* time performing non-tip producing work both before being seated with tables and after being cut from the floor while earning a sub-minimum wage.

## RULE 23 CLASS ALLEGATIONS

31. Named Plaintiff brings this action on behalf of himself, individually, and as a class action pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure on behalf of the following Class and Subclass, subject to expansion or narrowing as appropriate in a motion to certify based on continuing investigation and discovery:

    a. **Maryland Class:** All persons who worked for Defendants as "Servers" at any Golden Corral restaurant location in the State of Maryland and were compensated with a tip credit at any time from three years prior to filing the complaint to the present.

    b. **PGC Subclass:** All persons who worked for Defendants as "Servers" at any Golden Corral restaurant location in Prince George's County in the State of Maryland and were compensated with a tip credit at any time from three years prior to filing the complaint to the present.

32. Excluded from the classes are: (a) any judge or magistrate presiding over this action and members of their families; (b) any Defendant and/or Third Party Defendant and any entity in which any Defendant and/or Third-Party Defendant have a controlling interest or which has a controlling interest in any Defendant and/or Third-Party Defendant and its legal representatives, assigns, and successors; and (c) all persons who properly execute and file a timely request for exclusion.

33. *Numerosity.* On information and belief, there are hundreds of individuals who Defendants employed as Servers at anytime from three years prior to filing the complaint to the present. Defendants maintain multiple locations employing Servers.  Although the exact number of such persons is unknown at this time, Defendants' record systems contain information on the identities and location of all such parties.  Because Defendants have exclusive control of such information, Plaintiff reserves his right to amend his allegations following completion of relevant discovery from Defendant.  Given the nature and extent of Defendants' activities within the State of Maryland and Prince George's County where they employ Servers, the members of the Maryland Class and PGC Subclass are so numerous that joinder of all members is impracticable.

34. *Commonality*. Plaintiff's claims involve questions of law and fact common to the Class and Subclass, because Plaintiff and other members of the Class and Subclass were all compensated with tip credits. Among these common questions of law and fact are:

   a. Whether Defendants applied a tip credit to all Servers' wages;

   b. Whether Defendant had a policy and practice of requiring Servers to spend more than 20% of their shifts performing non-tip producing job duties; and

   c. Whether Servers performed more than *de minimus* periods of time performing only non-tipped job duties prior to being seated with their first table and after completing service of their last table.

35. *Typicality.* Named Plaintiff's claims are typical of the claims of the members of the Class and Subclass because, *inter alia*, Plaintiff held the same title and performed the same job duties as members of the Class and Subclass.

36. *Adequacy.* Plaintiff will fairly and adequately protect the interests of the Class and Subclass. Plaintiff has retained competent counsel, experienced in class litigation, and has no conflict of interest with other Class or Subclass members in the maintenance of this class action. In addition, Plaintiff has no relationship with Defendants except as a former employee. Plaintiff's interests are antagonistic to the interests of Defendants and Plaintiff will vigorously pursue the claims of the Class and Subclass.

37. *Declaratory or Injunctive Relief: Federal Rule of Civil Procedure 23(b)(2).* Alternatively or additionally, Defendants have acted or refused to act on grounds that apply generally to the Class and Subclass, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole.

38. ***Predominance and Superiority: Federal Rule of Civil Procedure 23(b)(3).*** Alternatively or additionally, there are questions of law or fact common to Class and Subclass members that predominate over any questions affecting only individual members, and a class action is superior to other available methods for fairly and efficiently adjudicating the controversy because:

    a. The damages suffered by each individual class member may be relatively small, the expense and burden of individual litigation makes it impracticable for members of the Class and Subclass to individually seek damages;

    b. Plaintiff is unaware of any litigation currently undertaken by any current or former employees to adjudicate this dispute;

    c. Class and Subclass members, to the extent they are aware of their rights against Defendants herein, would be unable to secure counsel to litigate their claims on an individual basis because of the relatively small nature of the individual damages, the lack of financial resources of many members of the Class and Subclass, and the fear of retaliation for filing suit, so that a class action is the only feasible means of recovery for the Class and Subclass members; and

    d. Plaintiff envisions no difficulty in the management of this action as a class action, nor will there be any difficulty in the management of the Subclass. Damages may be calculated with mathematical precision from information contained in Defendants' records, so that the cost of administering any recovery can be minimized. Defendants' records will also reveal the name and

location of all employees employed with Defendants, which will make notifying all Class and Subclass members simple and straightforward.

## FLSA COLLECTIVE ACTION ALLEGATIONS

39. Each of the preceding paragraphs is incorporated by reference as though fully set forth herein.

40. Plaintiff brings this action for violations of the FLSA as both an individual and collective action on behalf of Plaintiff and all persons who worked for Defendants as "Servers" at any Golden Corral restaurant and were compensated with a tip credit at any time from three years prior to filing the complaint to the present ("Nationwide Collective Members").

41. Plaintiff brings this action pursuant to section 216(b) of the FLSA, 29 U.S.C. § 216(b).

42. During all times relevant herein, Plaintiff and Nationwide Collective Members were subjected to an unlawful compensation system put in place by Defendants.

43. Plaintiff and Nationwide Collective Members are similarly situated. During the relevant time period, they have held similar job titles; have performed similar job duties and procedures; have been paid under similar pay provisions; and are all subject to Defendants' unlawful policies and practices as described herein.

## COUNT I

**(29 U.S.C. § 216(b) Collective Action)**
**VIOLATION OF THE FAIR LABOR STANDARDS ACT,**
**29 U.S.C. § 201, *et seq*. – VIOLATION OF DUAL JOBS PROVISION**

44. Each of the preceding paragraphs is incorporated by reference as though fully set forth herein.

45. Plaintiff brings this Count for violation of the dual jobs provision under the FLSA on behalf of himself and Nationwide Collective Members.

46. Under the tip-credit provisions of the FLSA, an employer of tipped employees may, in limited circumstances, pay those employees a sub-minimum hourly wage and take a "tip credit" against its minimum wage obligations.

47. However, an employer is not permitted to take a tip credit against its minimum wage obligations when it requires its tipped employees to perform non-tip producing work that is unrelated to the employee's tipped occupation.  *See e.g.*, *Driver v. AppleIllinois, LLC*, 739 F.3d 1073, 1075 (7th Cir. 2014) (Posner, J.) (explaining that when tipped employees perform "non-tipped duties" that "are unrelated to their tipped duties . . . such as, in the case of restaurant servers, washing dishes, preparing food, mopping the floor, or cleaning bathrooms, they are entitled to the full minimum wage for the time they spend at that work") (emphasis added).

48. Defendant violated the FLSA by requiring Plaintiff and other Servers to perform non-tip producing work that is unrelated to their tipped occupation, such as, inter alia, stocking condiments, cleaning the walls, wiping the tables and chairs, getting ice, and cleaning the restaurant.

49. Defendant failed and/or refused to comply with the FLSA, 29 U.S.C. § 201, *et seq*., 29 C.F.R. § 531.56(e), and the Department of Labor Field Operations Handbook §30d00(f) by requiring Plaintiff and other Servers in a given workweek, and during each and every workweek they were employed by Defendant, to perform non-tip producing work constituting a "dual job" that was unrelated to their tipped occupation, over the course of their regular workweek, as identified in the preceding paragraph.

50. At all times during Plaintiff and other Servers' employment, Defendant paid them at the sub-minimum hourly wage rate.

51. As a result, Defendant failed and/or refused to pay Plaintiff and other Servers the full applicable minimum wage as required by the FLSA for each and every workweek they were employed by Defendant, in violation of 29 U.S.C. § 206(a).

52. Defendant knew that – or acted with reckless disregard as to whether – its failure to pay Plaintiff and other Servers the full applicable minimum wage, without applying the tip credit, for time spent performing labor in such an unrelated non-tipped occupation, would violate federal law and Defendant was aware of the FLSA minimum wage requirements at all relevant times. As such, Defendant's conduct constitutes a willful violation of the FLSA.

53. Plaintiff and other Servers are therefore entitled to compensation for the full minimum wage at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorneys' fees, and costs.

## COUNT II

### (29 U.S.C. § 216(b) Collective Action)
### VIOLATION OF THE FAIR LABOR STANDARDS ACT,
### 29 U.S.C. § 201, *et seq*. – VIOLATION OF THE TWENTY PERCENT RULE

54. Each of the preceding paragraphs is incorporated by reference as though fully set forth herein.

55. Plaintiff brings this Count for violation of the twenty percent rule under the FLSA on behalf of himself and Nationwide Collective Members.

56. Under the tip-credit provisions of the FLSA, an employer of tipped employees may, in limited circumstances, pay those employees less than the minimum hourly wage and take a "tip credit" against its minimum wage obligations.

57. However, an employer is not permitted to take a tip credit against its minimum wage obligations when it requires its tipped employees to perform non-tip producing side work that, although related to the employee's tipped occupation, exceeds 20% of the employees' time worked during a shift. *See e.g., Fast v. Applebee's Int'l, Inc.*, 638 F.3d 872, 880 (8th Cir. 2011) ("employees who spend 'substantial time' (defined as more than 20 percent) performing related but nontipped duties should be paid at the full minimum wage for that time").

58. To the extent Plaintiff's and other Servers' non-tip producing work of, for example, stocking condiments, cleaning the walls, wiping the tables and chairs, getting ice, and cleaning the restaurant is found to be related to their tipped occupation, Defendant violated the FLSA by requiring Plaintiff and other Servers to perform this non-tip producing work for more than 20% of their weekly work hours.

59. Defendant failed and/or refused to comply with the FLSA, 29 U.S.C. § 201, et seq., 29 C.F.R. § 531.56(e), and the Department of Labor Field Operations Handbook §30d00(f) by requiring Plaintiff and other Servers in a given workweek, and during each and every workweek they were employed by Defendant, to spend more than 20% of their work time performing related, but non-tip producing work.

60. At all times during Plaintiff and other Servers' employment, Defendant paid them at the sub-minimum hourly wage rate.

61. As a result, Defendant failed and/or refused to pay Plaintiff and other Servers the full applicable minimum wage as required by the FLSA for each and every workweek they were employed by Defendant, in violation of 29 U.S.C. § 206(a).

62. Defendant knew that – or acted with reckless disregard as to whether – its failure to pay Plaintiff and other Servers the full applicable minimum wage, without applying the tip

credit, for time spent performing such non-tip producing work for more than 20% of their weekly hours, would violate federal law and Defendant was aware of the FLSA minimum wage requirements at all relevant times.  As such, Defendant's conduct constitutes a willful violation of the FLSA.

63. Plaintiff and other Servers are therefore entitled to compensation for the full minimum wage at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorneys' fees, and costs.

## COUNT III

### VIOLATION OF MARYLAND WAGE AND HOUR LAW ("MWHL"), FAILURE TO PAY MINIMUM WAGES
### (Md. Code. Ann., § 3-401 *et seq.*)

64. Each of the preceding paragraphs is incorporated by reference as though fully set forth herein.

65. Plaintiff brings this Count for failure to pay  minimum wages under the MWHL on behalf of himself and Maryland Class Members.

66. At all times relevant herein, Defendants were and continue to be an "employer" of Plaintiff and Maryland Class Members within the meaning of the MWHL.

67. At all times relevant herein, Plaintiff and Maryland Class Members were/are "employees" within the meaning of the MWHL.

68. The MWHL, as a "state parallel" of the FLSA, prohibits an employer from utilizing a tip credit to satisfy its minimum wage obligations to an employee during time spent performing non-tip related tasks.[1]

---

[1] *See* Maryland Division of Labor and Industry Wage and Hour Law Brochure, *available at* https://www.dllr.state.md.us/forms/esstipinfobrochure.pdf; Department of Labor, Licensing and Regulation, Tipped Employees: Payment of Less than Minimum Wage – The Maryland Guide to Wage Payment and Employment Standards, *available at* https://www.dllr.state.md.us/labor/wagepay/wptipped.shtml.

69. At all times relevant herein, Defendants knowingly maintained a policy and practice of requiring Plaintiff and Maryland Class Members to spend more than twenty percent of their shift performing non-tip producing job duties.

70. At all times relevant herein, Defendants knowingly maintained a policy and practice of requiring Plaintiff and Maryland Class Members to spend more than *de minimus* time performing non-tip producing job duties, both before beginning their serving duties and after completing their serving duties each shift.

71. At all times relevant herein, Defendants knowingly maintained a policy and practice of requiring Plaintiff and Maryland Class Members perform non-tip producing work that is unrelated to the employee's tipped occupation, while taking a tip credit against its minimum wage obligations.

72. At all times relevant herein, Defendants knowingly maintained a policy and practice of compensating Plaintiff and Maryland Class Members at or below the tipped minimum wage while impermissibly requiring Plaintiff and Maryland Class Members to spend substantial amounts of time performing non-tip producing job duties at the beginning, end, and throughout their shifts.

73. Defendants willfully violated the MWHL by failing to pay Plaintiff and Maryland Class Members at least the applicable minimum wage.

74. For their violations of the MWHL, Defendants are liable to Plaintiffs and Maryland Class Members for unpaid minimum wage compensation, liquidated damages, court costs, reasonable attorneys' fees and expenses, interest, and any other relief deemed appropriate by the Court.

**COUNT IV**

**VIOLATION OF PRINCE GEORGE'S COUNTY MINIMUM WAGE LAW ("PGCMWL"),
FAILURE TO PAY MINIMUM WAGES
(Prince George's County Code, § 13A-117.)**

75. Each of the preceding paragraphs is incorporated by reference as though fully set forth herein.

76. Plaintiff brings this Count for failure to pay minimum wages under the PGCMWL on behalf of himself and PGC Subclass Members.

77. At all times relevant herein, Defendants were and continue to be an "employer" of Plaintiff and PGC Subclass Members within the meaning of the PGCMWL.

78. At all times relevant herein, Plaintiff and PGC Subclass Members were/are "employees" within the meaning of the PGCMWL.

79. Under the PGCMWL, Prince George's County Code, § 13A-117(f), tipped wages are computed consistent with the MWHL.

80. At all times relevant herein, Defendants knowingly maintained a policy and practice of requiring Plaintiff and PGC Subclass Members to spend more than twenty percent of their shift performing non-tip producing job duties.

81. At all times relevant herein, Defendants knowingly maintained a policy and practice of requiring Plaintiff and PGC Subclass Members to spend more than *de minimus* time performing non-tip producing job duties, both before beginning their serving duties and after completing their serving duties each shift.

82. At all times relevant herein, Defendants knowingly maintained a policy and practice of compensating Plaintiff and PGC Subclass Members at or below the tipped minimum wage while impermissibly requiring Plaintiff and PGC Subclass Members to spend substantial

amounts of time performing non-tip producing job duties at the beginning, end, and throughout their shifts.

83. At all times relevant herein, Defendants knowingly maintained a policy and practice of requiring Plaintiff and PGC Subclass Members to spend more than twenty percent of each shift performing non-tip producing job duties.

84. Defendants willfully violated the PGCMWL by failing to pay Plaintiff and PGC Subclass Members at least the applicable minimum wage.

85. For their violations of the PGCMWL, Defendants are liable to Plaintiff and PGC Subclass Members for unpaid minimum wage compensation.

## COUNT V

### VIOLATION OF MARYLAND WAGE PAYMENT AND COLLECTION LAW ("MWPCL") FAILURE TO PAY WAGES (Md. Code, Lab. & Empl. § 3-501 *et. seq.*)

86. Each of the preceding paragraphs is incorporated by reference as though fully set forth herein.

87. Plaintiff brings this Count for failure to pay wages under the MWPCL on behalf of himself and Maryland Class Members.

88. At all times relevant herein, Defendants were and continue to be an "employer" of Plaintiff and Maryland Class Members within the meaning of the MWPCL.

89. At all times relevant herein, Plaintiff and Maryland Class Members were/are "employees" within the meaning of the MWPCL.

90. The MWPCL requires employers to promptly pay employees their wages, including "all compensation that is due to an employee for employment." Md. Code, Lab. & Empl. § 3-501(c)(1).

91. Defendants violated the MWPCL by knowingly failing to pay Plaintiff and Maryland Class Members the required minimum wage for all hours worked.

92. At all times relevant herein, Defendants knowingly maintained a policy and practice of compensating Plaintiff and Maryland Class Members at or below the tipped minimum wage while impermissibly requiring Plaintiff and Maryland Class Members to spend substantial amounts of time performing non-tip producing job duties at the beginning, end, and throughout their shifts.

93. At all times relevant herein, Defendants knowingly maintained a policy and practice of requiring Plaintiffs and Maryland Class Members to spend more than twenty percent of each shift performing non-tip producing job duties.

94. At all times relevant herein, Defendants knowingly maintained a policy and practice of requiring Plaintiff and Maryland Class Members to spend more than *de minimus* time performing non-tip producing job duties, both before beginning their serving duties and after completing their serving duties each shift.

95. At all times relevant herein, Defendants knowingly maintained a policy and practice of requiring Plaintiff and PGC Subclass Members perform non-tip producing work that is unrelated to the employee's tipped occupation, while taking a tip credit against its minimum wage obligations.

96. Defendants' violation of the MWPCL was willful.

97. For their violations of the MWPCL, Defendants are liable to Plaintiffs and Maryland Class Members for three times the amount of unpaid minimum wages, plus interest, court costs, reasonable attorneys' fees and expenses, and any other relief deemed appropriate by the Court.

## JURY DEMAND

98. Plaintiff hereby demands a trial by jury in the above captioned manner.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself, Nationwide Collective Members, Maryland Class Members, and PGC Subclass Members, respectfully seeks the following relief:

A. All unpaid minimum wages and overtime wages;

B. Prejudgment interest;

C. Liquidated damages;

D. Litigation costs, expenses, and attorneys' fees; and

E. Such other and further relief as this Court deems just and proper.

Respectfully Submitted,

Dated: April 27, 2018

*s/ Gary E. Mason*
Gary E. Mason (MD Bar No. 15033)
Danielle L. Perry*
WHITFIELD BRYSON & MASON, LLP
5101 Wisconsin Ave., Ste. 305
Washington, D.C.
Tel: (202) 429-2290
Fax: (202) 429-2294
gmason@wbmllp.com
dperry@wbmllp.com

Nicholas A. Migliaccio (Bar No. 29077)
Jason S. Rathod*
MIGLIACCIO & RATHOD LLP
412 H St NE, Suite 302
Washington, D.C. 20002
Tel: (202) 470-3520
nmigliaccio@classlawdc.com
jrathod@classlawdc.com

*pro hac vice* admission anticipated          *Counsel for Plaintiff*